**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
  E-Mail: John.Barber@lewisbrisbois.com
LAURA J. ANSON, SB# 245052
  E-Mail: Laura.Anson@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for Defendant DEALER
MARKETING SERVICES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| COLLEEN SATRAGNI, an Individual;'<br><br>          Plaintiff,<br><br>vs.<br><br>DEALER MARKETING SERVICES, INC.; JOHN PALMER; DOES 1 Through 100;<br><br>          Defendants. | CASE NO. 5:15–cv–00913–JGB–SP<br><br>Judge:  Hon. Jesus G. Bernal<br>Crtrm.: No. 1<br><br>**DEFENDANT DEALER MARKETING SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Trial Date:      None Set |

Defendant DEALER MARKETING SERVICES, INC. ("Defendant") by and through its counsel of record, hereby answers the factual allegations set forth in the Complaint filed by Plaintiff COLLEEN SATRAGNI ("Plaintiff") as follows:

1.      In answer to Paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis denies each and every allegation contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    2.    In answer to Paragraph 2 of the Complaint, Defendant admits that it

2  employed the Plaintiff.  Except as expressly admitted herein, Defendant denies each

3  and every allegation of Paragraph 2.

4    3.    In answer to Paragraph 3 of the Complaint, Defendant admits that

5  Defendant John Palmer is, and at all relevant times was, the President and Chief

6  Executive Officer at DMS.  Except as expressly admitted herein, Defendant denies

7  each and every allegation of Paragraph 3.

8    4.    In answer to Paragraph 4 of the Complaint, Defendant states that the

9  paragraph contains no factual allegations, and therefore it requires no response.

10    5.    In answer to Paragraph 5 of the Complaint, Defendant states that the

11  paragraph contains no factual allegations, and therefore it requires no response.

12    6.    In answer to Paragraph 6 of the Complaint, Defendant is without

13  sufficient knowledge or information to form a belief as to these allegations and on

14  that basis denies each and every allegation contained therein.

15    7.    In answer to Paragraph 7 of the Complaint, Defendant is without

16  sufficient knowledge or information to form a belief as to these allegations and on

17  that basis deny each and every allegation contained therein.

18    8.    In answer to Paragraph 8 of the Complaint, Defendant denies each and

19  every allegation contained therein.

20    9.    In answer to Paragraph 9 of the Complaint, Defendant denies each and

21  every allegation contained therein.

22    10.    In answer to Paragraph 10 of the Complaint, Defendant states that the

23  paragraph contains no factual allegations, and therefore it requires no response.

24    11.    In answer to Paragraph 11 of the Complaint, Defendant denies each and

25  every allegation contained therein.

26    12.    In answer to Paragraph 12 of the Complaint, Defendant denies each and

27  every allegation contained therein.

28    13.    In answer to Paragraph 13 of the Complaint, Defendant denies each and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Satragni - Answer to Plaintiff's Complaint.doc                    2                    5:15–cv–00913–JGB–SP
DEFENDANT DEALER MARKETING SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1   every allegation contained therein.

2       14.    In answer to Paragraph 14 and subparts (a)-(d), Defendant denies each
3   and every allegation contained therein.

4       15.    In answer to Paragraph 15 of the Complaint, Defendant denies each and
5   every allegation contained therein.

6       16.    In answer to Paragraph 16 of the Complaint, Defendant denies each and
7   every allegation contained therein.

8       17.    In answer to Paragraph 17 of the Complaint, Defendant is without
9   sufficient knowledge or information to form a belief as to these allegations and on
10  that basis denies each and every allegation contained therein.

11      18.    In answer to Paragraph 18 of the Complaint, Defendant is without
12  sufficient knowledge or information to form a belief as to these allegations and on
13  that basis denies each and every allegation contained therein.

14      19.    In answer to Paragraph 19, Defendant states that the referenced law
15  speaks for itself, the paragraph contains legal conclusions and no factual allegations,
16  and therefore require no response.  To the extent that any averments in Paragraph 19
17  are deemed to require a response, Defendant denies each and every allegation
18  contained therein.

19      20.    In answer to Paragraph 20, Defendant admits that Plaintiff was hired by
20  DMS in January 2009 as an Administrative Assistant. Except as expressly admitted
21  herein, Defendant denies each and every allegation of Paragraph 20.

22      21.    In answer to the first Paragraph 21 in the Complaint, Defendant denies
23  each and every allegation contained therein.

24      21.    In answer to the second Paragraph 21 in the Complaint, Defendant
25  denies each and every allegation contained therein.

26      22.    In answer to Paragraph 22 of the Complaint, Defendant admits that
27  Plaintiff's position was eliminated in a corporate reorganization.  Except as
28  expressly admitted herein, Defendant denies each and every allegation of Paragraph

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Satragni - Answer to Plaintiff's Complaint.doc                3                5:15–cv–00913–JGB–SP
DEFENDANT DEALER MARKETING SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

22.

23. In answer to Paragraph 23 of the Complaint, Defendant denies each and every allegation contained therein.

24. In answer to Paragraph 24 of the Complaint, Defendant denies each and every allegation contained therein.

25. In answer to Paragraph 25 of the Complaint, Defendant denies each and every allegation contained therein.

26. In answer to Paragraph 26 of the Complaint, Defendant denies each and every allegation contained therein.

27. In answer to Paragraph 27 of the Complaint, Defendant denies each and every allegation contained therein.

28. In answer to Paragraph 28 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 27 as though stated fully herein.

29. In answer to Paragraph 29, Defendant states that the referenced law speaks for itself, the paragraph contains legal conclusions and no factual allegations, and therefore require no response. To the extent that any averments in Paragraph 29 are deemed to require a response, Defendant denies each and every allegation contained therein.

30. In answer to Paragraph 30 of the Complaint, Defendant denies each and every allegation contained therein.

31. In answer to Paragraph 31 and subparts (a) through (d) of the Complaint, Defendant denies each and every allegation contained therein.

32. In answer to Paragraph 32 of the Complaint, Defendant denies each and every allegation contained therein.

33. In answer to Paragraph 33 of the Complaint, Defendant denies each and every allegation contained therein.

34. In answer to Paragraph 34 of the Complaint, Defendant denies each and every allegation contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Satragni - Answer to Plaintiff's Complaint.doc                    4                    5:15–cv–00913–JGB–SP

DEFENDANT DEALER MARKETING SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1        35.    In answer to Paragraph 35 of the Complaint, Defendant denies each and
2   every allegation contained therein.

3        36.    In answer to Paragraph 36 of the Complaint, Defendant denies each and
4   every allegation contained therein.

5        37.    In answer to Paragraph 37 of the Complaint, Defendant denies each and
6   every allegation contained therein.

7        38.    In answer to Paragraph 38 of the Complaint, Defendant denies each and
8   every allegation contained therein.

9        39.    In answer to Paragraph 39 of the Complaint, Defendant incorporates its
10  responses to Paragraphs 1 through 38 as though stated fully herein.

11       40    In answer to Paragraph 40, Defendant states that the referenced law
12  speaks for itself, the paragraph contains legal conclusions and no factual allegations,
13  and therefore require no response.  To the extent that any averments in Paragraph 40
14  are deemed to require a response, Defendant denies each and every allegation
15  contained therein.

16       41.    In answer to Paragraph 41 of the Complaint, Defendant need not
17  address Plaintiff's summary of the action.  To the extent that any averment in
18  Paragraph 41 is deemed to require a response, Defendants admit that Plaintiff seeks
19  damages pursuant to FEHA.  Except as expressly admitted herein, Defendants deny
20  each and every allegation of Paragraph 41.

21       42.    In answer to Paragraph 42 of the Complaint, Defendant denies each and
22  every allegation contained therein.

23       43.    In answer to Paragraph 43 of the Complaint, Defendant denies each and
24  every allegation contained therein.

25       44.    In answer to Paragraph 44 of the Complaint, Defendant denies each and
26  every allegation contained therein.

27       45.    In answer to Paragraph 45 of the Complaint, Defendant denies each and
28  every allegation contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1      46.   In answer to Paragraph 46 of the Complaint, Defendant denies each and

2 every allegation contained therein.

3      47.   In answer to Paragraph 47 of the Complaint, Defendant denies each and

4 every allegation contained therein.

5      48.   In answer to Paragraph 48 of the Complaint, Defendant denies each and

6 every allegation contained therein.

7      49.   In answer to Paragraph 49 of the Complaint, Defendant incorporates its

8 responses to Paragraphs 1 through 48 as though stated fully herein.

9      50.   In answer to Paragraph 50, Defendant states that the referenced law

10 speaks for itself, the paragraph contains legal conclusions and no factual allegations,

11 and therefore require no response.  To the extent that any averments in Paragraph 50

12 are deemed to require a response, Defendant denies each and every allegation

13 contained therein.

14      51.   In answer to Paragraph 51, Defendant admits that Plaintiff's position

15 was eliminated in a corporate reorganization. Except as expressly admitted herein,

16 Defendants deny each and every allegation of Paragraph 51.

17      52.   In answer to Paragraph 52 of the Complaint, Defendant admits that

18 Plaintiff was over forty years of age at the time her position was eliminated by

19 DMS.  Except as expressly admitted herein, Defendants deny each and every

20 allegation of Paragraph 52.

21      53.   In answer to Paragraph 53 of the Complaint, Defendant denies each and

22 every allegation contained therein.

23      54.   In answer to Paragraph 54 of the Complaint, Defendant denies each and

24 every allegation contained therein.

25      55.   In answer to Paragraph 55 of the Complaint, Defendant denies each and

26 every allegation contained therein.

27      56.   In answer to Paragraph 56 of the Complaint, Defendant denies each and

28 every allegation contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1       57.    In answer to Paragraph 57 of the Complaint, Defendant incorporates its

2   responses to Paragraphs 1 through 56 as though stated fully herein.

3       58.    In answer to Paragraph 58, Defendant states that the referenced law

4   speaks for itself, the paragraph contains legal conclusions and no factual allegations,

5   and therefore require no response. To the extent that any averments in Paragraph 58

6   are deemed to require a response, Defendant denies each and every allegation

7   contained therein.

8       59.    In answer to Paragraph 59 of the Complaint, Defendant denies each and

9   every allegation contained therein.

10      60.    In answer to Paragraph 60 of the Complaint, Defendant denies each and

11  every allegation contained therein.

12      61.    In answer to Paragraph 61 of the Complaint, Defendant denies each and

13  every allegation contained therein.

14      62.    In answer to Paragraph 62 of the Complaint, Defendant denies each and

15  every allegation contained therein.

16      63.    In answer to Paragraph 63 of the Complaint, Defendant incorporates its

17  responses to Paragraphs 1 through 62 as though stated fully herein.

18      64.    In answer to Paragraph 64, Defendant states that the referenced law

19  speaks for itself, the paragraph contains legal conclusions and no factual allegations,

20  and therefore require no response. To the extent that any averments in Paragraph 60

21  are deemed to require a response, Defendant denies each and every allegation

22  contained therein.

23      65.    In answer to Paragraph 65 of the Complaint, Defendant denies each and

24  every allegation contained therein.

25      66.    In answer to Paragraph 66 of the Complaint, Defendant denies each and

26  every allegation contained therein.

27      67.    In answer to Paragraph 67 of the Complaint, Defendant denies each and

28  every allegation contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Satragni - Answer to Plaintiff's Complaint.doc       7       5:15–cv–00913–JGB–SP
DEFENDANT DEALER MARKETING SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1       68.    In answer to Paragraph 68 of the Complaint, Defendant denies each and

2 every allegation contained therein.

3       69.    In answer to Paragraph 69 of the Complaint, Defendant denies each and

4 every allegation contained therein.

5       70.    In answer to Paragraph 70 of the Complaint, Defendant denies each and

6 every allegation contained therein.

7       71.    In answer to Paragraph 71 of the Complaint, Defendant incorporates its

8 responses to Paragraphs 1 through 70 as though stated fully herein.

9       72.    In answer to Paragraph 72 of the Complaint, Defendant denies each and

10 every allegation contained therein.

11       73.    In answer to Paragraph 73 of the Complaint, Defendant denies each and

12 every allegation contained therein.

13       74.    In answer to Paragraph 74 and subparts (a) through (c) of the

14 Complaint, Defendant denies each and every allegation contained therein.

15       75.    In answer to Paragraph 75 of the Complaint, Defendant denies each and

16 every allegation contained therein.

17       76.    In answer to Paragraph 76 of the Complaint, Defendant incorporates its

18 responses to Paragraphs 1 through 75 as though stated fully herein.

19       77.    In answer to Paragraph 77 of the Complaint, Defendant denies each and

20 every allegation contained therein.

21       78.    In answer to Paragraph 78 of the Complaint, Defendant denies each and

22 every allegation contained therein.

23       79.    In answer to Paragraph 79 of the Complaint, Defendant denies each and

24 every allegation contained therein.

25       80.    In answer to Paragraph 80 of the Complaint, Defendant denies each and

26 every allegation contained therein.

27       81.    In answer to Paragraph 81 of the Complaint, Defendant incorporates its

28 responses to Paragraphs 1 through 80 as though stated fully herein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT DEALER MARKETING SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1      82.    In answer to Paragraph 82 of the Complaint, Defendant denies each and

2  every allegation contained therein.

3      83.    In answer to Paragraph 83 of the Complaint, Defendant denies each and

4  every allegation contained therein.

5      84.    In answer to Paragraph 84 of the Complaint, Defendant denies each and

6  every allegation contained therein.

7      85.    In answer to Paragraph 85 of the Complaint, Defendant denies each and

8  every allegation contained therein.

9      86.    In answer to Paragraph 86 of the Complaint, Defendant incorporates its

10  responses to Paragraphs 1 through 85 as though stated fully herein.

11      87.    In answer to Paragraph 87 of the Complaint, Defendant denies each and

12  every allegation contained therein.

13      88.    In answer to Paragraph 88 of the Complaint, Defendant denies each and

14  every allegation contained therein.

15      89.    In answer to Paragraph 89 of the Complaint, Defendant denies each and

16  every allegation contained therein.

17  **PRAYER FOR RELIEF**

18      90.    Defendant need not address Plaintiff's prayer for relief.  To the extent

19  that any averment in Plaintiff's prayer is deemed to require a response, Defendant

20  denies each and every allegation contained therein.

21  **FIRST AFFIRMATIVE DEFENSE**

22      1.    The Complaint and each Cause of Action therein, should be dismissed

23  for improper venue pursuant to 28 U.S.C. § 1406 (a).

24  **SECOND AFFIRMATIVE DEFENSE**

25      2.    The venue for the Complaint and each Cause of Action therein, should

26  be transferred to the U.S. District Court, Southern District of Iowa based on

27  improper venue pursuant to 28 U.S.C. § 1406 (a).

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

**THIRD AFFIRMATIVE DEFENSE**

2      3.      The venue for this Complaint and each Cause of Action therein, should

3   be transferred to the U.S. District Court, Southern District of Iowa based the

4   convenience of the parties, the witnesses and in the interests of justice  pursuant to

5   28 U.S.C. § 1406 (a).

6

**FOURTH AFFIRMATIVE DEFENSE**

7      4.      Plaintiff's claims are completely or partially barred because the

8   Defendants' acts and omissions were motivated by factors other than unlawful

9   harassment or retaliation.

10

**FIFTH AFFIRMATIVE DEFENSE**

11      5.      Plaintiff's claim for Punitive Damages violates the Due Process and

12   Excess of Fines clauses of the United States and California Constitutions.

13

**SIXTH AFFIRMATIVE DEFENSE**

14      6.      Plaintiff's claims are barred, in whole or part, by the exclusive

15   remedies provided by the California Worker's Compensation Act.

16

**SEVENTH AFFIRMATIVE DEFENSE**

17      7.      Plaintiff's claims are barred, in whole or in part, to the extent she failed

18   to timely exhaust all administrative remedies, including but not limited to the

19   exhaustion requirements set forth in California *Government Code* §12940 et seq.

20   and/or Title VII.

21

**EIGHTH AFFIRMATIVE DEFENSE**

22      8.      Plaintiff's statutory claims are barred to the extent that any act

23   complained of occurred more than one-year prior to her filing an administrative

24   complaint with the California Department of Fair Employment & Housing.

25

**NINTH AFFIRMATIVE DEFENSE**

26      9.      Plaintiff's common law claims are barred to the extent that any act

27   occurred more than two years prior to the filing of his civil complaint.

28

**TENTH AFFIRMATIVE DEFENSE**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Satragni - Answer to Plaintiff's Complaint.doc       10       5:15–cv–00913–JGB–SP
DEFENDANT DEALER MARKETING SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of avoidable consequences.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of after acquired evidence.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims under the California Fair Employment & Housing Act are barred to the extent they vary from the allegations of the administrative charge filed with the appropriate agency.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred, in whole or in part, because the alleged conduct of which Plaintiff complains, if committed, was made in good faith, honestly, without malice, in the exercise of business judgment and for legitimate and non-discriminatory reasons.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred, in whole or in part, because Defendants' acts and omissions were motivated by factors other than unlawful harassment, discrimination, retaliation or other illegal conduct and reasonable in response to a legitimate business necessity.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. The Complaint and each Cause of Action therein, fail to state a claim upon which relief can be granted.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Satragni - Answer to Plaintiff's Complaint.doc                11                5:15–cv–00913–JGB–SP
DEFENDANT DEALER MARKETING SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## SEVENTEENTH FFIRMATIVE DEFENSE

17.     Plaintiff's claims under the California Fair Employment & Housing Act are barred because Defendant is not a covered employer under the California Fair Employment & Housing Act.

## EIGHTEENTH FFIRMATIVE DEFENSE

18.     Plaintiff is precluded from any recovery because Defendant did not engage in any severe and/or pervasive conduct such that it altered the conditions of Plaintiff's employment to create a hostile working environment.

## NINETEENTH  AFFIRMATIVE DEFENSE

19.     Neither the Complaint nor any purported cause of action therein alleges facts sufficient to state claims against Defendant John Palmer in his individual capacity.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Defendant is informed and believes and thereon alleges that Plaintiff's claims for "waiting time penalties" under the Labor Code for untimely payment of wages are barred because Defendant did` not willfully or intentionally withhold payment of wages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Defendant is informed and believes and thereon alleges that Plaintiff's claims for unpaid wages are barred because Defendant timely paid all wages owed to Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Defendant is informed and believes and thereon alleges that Plaintiff's claim for emotional distress damages is barred because Defendant's conduct toward Plaintiff was not extreme or outrageous.

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    WHEREFORE, Defendant prays for judgment as follows:

2    1.    That Plaintiff take nothing by way of her Complaint;

3    2.    For Defendants' costs of suit;

4    3.    For Defendants' attorney's fees pursuant to the California Fair

5 Employment & Housing Act; and

6    4.    For such other and further relief as the Court may deem proper.

7                      **DEMAND FOR JURY TRIAL**

8    This answering Defendant hereby requests a jury trial in this action.

9

10 DATED:  May 15, 2015           LEWIS BRISBOIS BISGAARD & SMITH LLP

11

12

13    By: _____

14        JOHN L. BARBER
          LAURA J. ANSON
15        Attorneys for Defendant DEALER
          MARKETING SERVICES, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## FEDERAL COURT PROOF OF SERVICE

*COLLEEN SATRAGNI v. DEAL MARKETING SERVICES, INC., et al.* ≈ Case No. U.S.D.C., Central Case No. 5:15-cv-00913-JGB-SP

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

At the time of service, I was over 18 years of age and not a party to the action. My business address is 650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On May 15, 2015, I served the following document(s): **DEFENDANT DEALER MARKETING SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Christopher B. Ellison, Esq.
**THE LAW OFFICE OF**              *Attorney for Plaintiffs ROBERT LETTIS*
**ELLISON & ASSOCIATES**
8117 W. Manchester Ave., #158
Playa Del Rey, California  90293
Tel.: (310) 882-6239
Fax: (310) 882-6237
Email: cellison@eaalawfirm.com

The documents were served by the following means:

☒    (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on May 15, 2015, at Costa Mesa, California.

Laura Anson

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Satragni - Answer to Plaintiff's Complaint.doc

14

5:15–cv–00913–JGB–SP

DEFENDANT DEALER MARKETING SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT